UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILMINGTON TRUST COMPANY, as
trustee by and through GEMB LENDING,
INC., f.k.a. E*TRADE CONSUMER
FINANCE CORP., its servicing agent,

                Plaintiff,

                -against-

M/V MY 3 LADIES, her engines, tackle,
apparel, appurtenances, etc., having Official
No, 1121176 and Hull Serial No.
SERF877F102, in rem; and BURT B.
CORRIETTE, in personam,

                Defendants.
-----------------------------------------------------------X

MEMORANDUM AND ORDER

CV 10-424

(Wexler, J.)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JUN 1 0 2010 ★
LONG ISLAND OFFICE

APPEARANCES:

    ROE TAROFF TAITZ & PORTMAN, LLP
    BY: STEVEN TAITZ, ESQ.
    Attorneys for Plaintiff
    31 Oak Street, Suite 21
    Patchogue, New York 11772

    DAVID A. BYTHEWOOD, ESQ.
    Attorney for Defendant Corriette
    85 Willis Avenue
    Mineola, New York 11501

WEXLER, District Judge

    This is an action brought pursuant to this court's admiralty jurisdiction to foreclose a ship's mortgage and for damages. The vessel at issue, a Sea Ray 410EC (the "Vessel") is named as an in rem defendant, and Burt Corriette, the individual alleged to be responsible for payment of the mortgage issued in connection with his purchase of the Vessel, is named in personam.

1

Plaintiff's complaint alleges that the in personam Defendant ("Corriette") executed a retail installment contract and security agreement (the "Mortgage") granting a security interest in the Vessel to Plaintiff. Corriette is alleged to have defaulted on the Mortgage. Plaintiff seeks payment of the remaining principal balance and interest, attorney's fees, costs and repossession of the Vessel.

This action was commenced by way of Order to Show Cause  This court signed the proposed order, and directed Defendant Corriette to personally appear before this court. After that appearance, this court issued a warrant of arrest in rem, directing the United States Marshal to take the Vessel into possession. Because it thereafter became clear that the Vessel was not located within this District, the court ordered Corriette to advise the Plaintiff and this court as to the Vessel's location. It was disclosed that the Vessel was located within the jurisdiction of the United States District Court for the Southern District of Florida. This motion to transfer venue to that District followed.

## DISCUSSION AND DISPOSITION OF THE MOTION

This court has the power, in the interest of justice, to transfer this admiralty matter pursuant to 28 U.S.C. §§ 1404 and/or 1406. See Arrowhead Co. v. The Aimee Lykes, 101 F. Supp. 895, 896 (S.D.N.Y. 1950) (admiralty actions may be transferred pursuant to 28 U.S.C. §§ 1404 and/or 1406).

In light of the facts that: (1) Plaintiff cannot have the Vessel arrested in a district where there is no action pending, and (2) counsel has represented to this court that it is the policy of the Justice Department to allow the United States Marshals to arrest a vessel and conduct a judicially supervised sale only in the district where there is an action pending, the court holds that transfer

2

is appropriate. See Fed. R. Civ. P. Supp. R. Admiralty or Maritime Claims and Asset Forfeiture E(3)(a); Nippon Fire & Marine Ins. Co., Ltd. v. M.V. Ever Globe, 1995 WL 144791 *1 (S.D.N.Y. 1995) (transferring admiralty action to district where vessel was located to allow perfection of plaintiff's action in rem relief).

## CONCLUSION

Plaintiff's motion to transfer is granted. The Clerk of the Court is directed to terminate the motion, close this case in this district, and to transfer the file in this matter to the United States District Court for the Southern District of Florida.

SO ORDERED

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       June  16 , 2010